■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEVERLY COKER, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant was convicted of murdering her husband (Penal Law, § 125.25, subd 1). In her testimony at trial she detailed the circumstances of the crime which she asserted she was "programmed" and under "mind control" to commit. On appeal she argues that the trial court abused its discretion in failing to order a competency hearing during the course of the proceedings; that the court erred in its charge to the jury, and that the verdict was against the weight of the evidence. None of the issues raised by defendant requires a reversal. This homicide was committed on November 11, 1978 and defendant was arrested on May 10, 1979. On arraignment the court ordered that defendant be examined as to her competency to stand trial (CPL 730.30, subd 1). She was found not to be an incapacitated person and no motion for a hearing thereon was made by defendant or the District Attorney. While the court was empowered, on its own motion, to conduct a hearing on the issue of capacity, it was not required to do so (CPL 730.30, subd 2; see *People v Armlin*, 37 NY2d 167, 171). Nor did it develop during the trial that a competency hearing should have been held. It is clear from all the testimony, including that offered by the defense, that defendant understood the proceedings, was able to assist in her defense and was fit to proceed (see *People v Rodriguez*, 79 AD2d 576, 577, affd 56 NY2d 557). With respect to the court's charge to the jury, defendant raises two issues which require comment. She contends that the court's failure to marshal the evidence, particularly the psychiatric testimony, left the jury with inadequate guidance to determine defendant's criminal responsibility. Since defendant did not object to the charge on this ground, the issue has not been preserved for review (CPL 470.05, subd 2; *People v Dasch*, 79 AD2d 877, 878) and a reversal

in the interest of justice is not warranted. The court is required to refer to the evidence only to the extent necessary to explain the application of the law to the facts (CPL 300.10, subd 2). Here, the factual and legal issues were made abundantly clear to the jury in consequence of the expert and other testimony, the summations of counsel and the charge as given. Defendant was not prejudiced by the failure of the court to marshal the evidence and thus she was not deprived of a fair trial (see *People v Culhane,* 45 NY2d 757, 758, cert den 439 US 1047). Nor is a reversal required on the court's charge concerning the defense of mental disease or defect. Subdivision 1 of section 30.05 of the Penal Law provides that a "person is not criminally responsible for conduct if at the time of such conduct, as a result of mental disease or defect, he lacks substantial capacity to know *or* appreciate either: (a) The nature and conse- quence of such conduct; or (b) That such conduct was wrong" (emphasis supplied). While two comments in the court's charge erroneously state the applicable law, the charge otherwise repeatedly and properly made it clear to the jury that the People were required to prove not only that defendant knew at the time of the crime that her conduct was wrong, but also that she then appreciated that her conduct was wrong (see *People v Buthy,* 38 AD2d 10, 13- 14). Viewing the charge as a whole, it may not be said that the jury was erroneously instructed on this issue or that there was a possibility that the jury would misunderstand the nature of the defense or the People's burden of proof. Finally, there is no merit to defendant's claim that the verdict is not supported by the evidence. Although there was conflicting expert testimony as to defendant's mental capacity and state at the time of the crime, the jury had before it clearly sufficient medical opinion and other testimony upon which to conclude that defendant was criminally responsible for the homicide. We have reviewed defendant's other claims of error and find them to be without merit. (Appeal from judgment of Onondaga County Court, Gale, J. — murder, second degree, and grand larceny, third degree.) Present — Dillon, P. J., Simons, Callahan, Boomer and Schnepp, JJ.