# (March 31, 1983)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MCMULLEN, Appellant. — Appeal from a judgment of the County Court of Ulster County (Clyne, J.), rendered December 12, 1980, upon a verdict convicting defendant of the crime of unlawful imprisonment in the second degree. Defendant was charged in an indictment with attempted rape in the first degree, sodomy in the first degree and unlawful imprisonment in the first degree. At trial, complainant testified that she had been acquainted with defendant and on April 1, 1980, she met him at a tavern in Highland, New York, where he agreed to give her a ride home; that after taking her home, he refused to let her leave his car and instead took complainant to his parents' home in Marlboro, New York, where he forced her to undress; that she ran

naked out of the house but was caught by defendant, dragged along the ground and forced to return to the house; and that the attempted rape and sodomy then occurred, and when defendant fell asleep complainant ran to a neighbor's house and the police were contacted. Defendant testified at trial that the sexual acts described by complainant were consensual; that she ran naked from the house as part of an April Fool's Day prank; and that she was injured when he pulled her back to the house so she would not wake his neighbors. Defendant was found guilty of the lesser included charge of unlawful imprisonment in the second degree and sentenced to a definite term of imprisonment of one year. This appeal ensued. Initially, defendant, relying on *Brady v Maryland* (373 US 83), contends that a police report containing exculpatory material was not given to him by the prosecution until after the prosecution had rested and he was thus denied his constitutional right to due process of law. According to the police report in question, complainant, when first questioned, appeared to be highly distressed and stated that the incident occurred at the tavern in Highland, New York, but after the police officer made a telephone call and returned to question complainant she stated clearly that the incident had occurred in Marlboro, New York, at the house where defendant lived. While the People have a duty to disclose exculpatory material in their control (*People v Simmons,* 36 NY2d 126, 131), such "evidence must be material to the defense and would have, in any reasonable likelihood, affected the judgment of the jury" (*People v Jones,* 85 AD2d 50, 52). A new trial is not automatically required where evidence in the possession of the People might be possibly useful to the defense but not likely to have changed the verdict (*Giglio v United States,* 405 US 150, 154). From our review of the police report in question, we are of the view that the People's failure to turn over the report to the defense until after the close of the prosecution's case did not deprive defendant of his due process rights and a fair trial. Defendant also argues that the court's failure to properly marshal the evidence in its charge to the jury requires reversal. Defendant, however, did not object to the charge on this ground thus failing to preserve the issue for review (*People v Coker,* 90 AD2d 958) and, in our view, a reversal in the interests of justice is not warranted on the present record (*People v Amazon,* 52 AD2d 1012). Accordingly, the judgment must be affirmed. Judgment affirmed. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.