THIRD DEPARTMENT, FEBRUARY, 1984

(February 2, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. LA BOMBARD, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered May 18, 1982, upon a verdict convicting defendant of the crimes of criminal possession of a forged instrument in the second degree and grand larceny in the third degree. On January 11, 1982,

defendant was indicted on one count of criminal possession of a forged instrument in the second degree and one count of grand larceny in the third degree. The facts underlying the indictment were that defendant, using stolen identification, purchased a stereo and a set of speakers with a forged check. Defendant was tried before a jury and found guilty as charged. He was thereafter sentenced as a predicate felony offender to three and one-half to seven years on the first count and two to four years on the second count, with the sentences to run concurrently. On appeal, defendant urges reversal on several grounds: (1) that the People's failure to make a timely disclosure of *Brady* material violated defendant's due process rights; (2) that the trial court erred in failing to rule that witness William Scoons was an accomplice as a matter of law whose testimony had to be corroborated; (3) that the trial court's *Sandoval* ruling was improper; (4) that illegally seized real evidence was improperly admitted into evidence; (5) that the conduct of an identification lineup of defendant violated his right to counsel; and, finally, (6) that the sentence imposed was unduly harsh and excessive. We disagree for the reasons hereafter stated. The judgment of conviction should be affirmed. As to the first contention raised by defendant, some background is necessary. Defendant had demanded discovery of all photographs used in a photographic identification, all statements made by any witness interviewed by the prosecution which tended to exculpate defendant and for all exculpatory material under the *Brady v Maryland* (373 US 83) decision. The prosecution denied the existence of any statement by any witness which tended to exculpate defendant and acknowledged its ongoing obligation under *Brady*. At the suppression hearing, defendant's attorney was told by the prosecution that there had been no photographic identification conducted by the prosecution. At trial, the People's witness, Frank Mauriello, who was the clerk at Mom's Stereo Warehouse, testified that he accepted the forged check from defendant in selling defendant certain merchandise on September 9, 1981. He also testified on cross-examination that about one week later he was shown a group of six photographs, including a photo of defendant, by a Detective Lynch about 15 or 20 minutes before a lineup identification of defendant, but that he failed to identify defendant from among those photographs. During the course of Mauriello's testimony, it was also discovered that Detective Lynch may have made out a report of an interview with Mauriello. The prosecution was not in possession of any such report and had no knowledge that the report existed until that time. The People located the report during a recess. In the report, Lynch wrote that Mauriello described the perpetrator of the crime as "a white male, early 20's, 5'8" to 5'10" with dark curly hair, styled, a small mustache". The report also said that Mauriello had been shown a spread of five photographs on September 16, 1981 and that he did not identify anyone from the group. Although the prosecution is under a continuing constitutional duty to disclose to the defense any material which is exculpatory in nature (*Brady v Maryland, supra; People v Simmons,* 36 NY2d 126, 131), such "evidence must be material to the defense and would have, in any reasonable likelihood, affected the judgment of the jury" (*People v Jones,* 85 AD2d 50, 52). However, an automatic retrial is not required "where evidence in possession of the People might be possibly useful to the defense but not likely to have changed the verdict" (*People v McMullen,* 92 AD2d 1059, 1060). Defendant argues that the police report contains three exculpatory matters: (1) the age of the proponent of the crime which, as stated in the report, is different from defendant's age; (2) that Mauriello was shown a spread of photographs but failed to identify anyone; and (3) that Mauriello failed to identify defendant from a composite drawing. We conclude that none of the above are exculpatory, nor would such evidence have affected the verdict of the jury. The description of defendant in the report substantially conformed to defendant's

actual description except as to the age reference. Mauriello testified that he thought the perpetrator was "a little older" than the age estimate in the report. We find that age discrepancy to be immaterial. As to the photographic array which Mauriello claimed that he saw before the lineup, it appears clear from Detective Lynch's report that defendant's photograph was not among them. The fact that he failed to identify anyone therefore, if anything, tends to strengthen his lineup identification of defendant. Finally, the failure of Mauriello to identify defendant from a composite drawing is of no significance since it is not shown that the composite looked like defendant. At best, the report was neutral in effect and cannot truly be considered exculpatory material. The second issue raised by defendant, whether the jury should have been charged that the witness Scoons was an accomplice as a matter of law, was not preserved for appellate review. Prior to closing arguments, defendant's attorney stated: "I would further request the court charge the jury with regard to failure or with regard to their consideration on the issue of failure to corroborate or what I claim is failure to corroborate." The trial court granted this request, indicating that it would so charge "if they find that he is an accomplice". Defendant's attorney did not object at this point nor did he thereafter request that Scoons be deemed an accomplice as a matter of law. The trial court left the question of whether Scoons was an accomplice to the jury and charged as to corroboration. Following the trial court's charge, defendant made no exceptions or additional requests to charge. He thus waived his right to appellate review on this issue (CPL 470.05, subd 2; *People v Whalen,* 59 NY2d 273; *People v Lipton,* 54 NY2d 340). In regard to defendant's third contention that the court erred in its *Sandoval* ruling, we find that such determination was a matter for the trial court's discretion and that the court did not abuse that discretion on this record (*People v Bennette,* 56 NY2d 142; *People v Shields,* 46 NY2d 764, 765; *People v Sandoval,* 34 NY2d 371). Defendant's next argument, that real evidence seized under a search warrant was improperly admitted into evidence, is rejected since we find there was no invasion of privacy in Officer Joseph Gerace's peering through the window of defendant's parked car in his employer's parking lot and that the subsequently obtained search warrant was properly issued upon probable cause. The fact that the warrant application stated the location of the car as being at the employer's parking lot, when in fact the vehicle had already been towed to the police garage, was not a fatal defect. The car itself was fully and properly described in the warrant so that the issuing Judge was made sufficiently aware of what was to be searched. "Search warrants should be tested in a commonsense and realistic manner with minor omissions and inaccuracies not affecting an otherwise valid warrant" (*People v Davis,* 93 AD2d 970, 971). Further, the failure to list exhibit No. 3a (notations of banking hours) on the return of the warrant was merely a failure to perform a ministerial act and not fatal to the otherwise valid search (see *People v Ciccarelli,* 104 Misc 2d 287, 289). Such error in view of the other notes seized was at most harmless error (see *People v Crimmins,* 36 NY2d 230, 242). Defendant's fifth assignment of error, that the lineup was conducted in violation of his right to counsel, also lacks merit. In this State, the right to counsel at pretrial identification stages arises only after the initiation of formal prosecutorial proceedings (*People v Hawkins,* 55 NY2d 474, 483). However, once a suspect has counsel, his attorney may not be excluded, unless awaiting for the arrival of counsel would cause unreasonable delay (*id.,* at p 487). Defendant here voluntarily accompanied the police to the station and voluntarily stood in the lineup. There is no evidence that any formal prosecutorial proceeding had been initiated against him and defendant's attorney had advised defendant to co-operate but not give any statements. Moreover, the record is unclear whether it would have been an

unreasonable delay for the police to wait until after dinner to hold the lineup, which is when defendant's attorney had said he would be at the police station. Thus, it does not appear that defendant's right to counsel was violated, nor is there any evidence that the lineup was improperly suggestive. Any errors in the lineup procedure, therefore, would be insignificant and harmless. Finally, there is no showing made by defendant that the sentencing court abused its discretion in imposing sentence on him. In the absence of such showing, this court will not interfere with the imposition of sentence (*People v Patterson*, 83 AD2d 691; *People v Caputo*, 13 AD2d 861). Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.