OPINION OF THE COURT
George A. Reed, J.
In this trial on a charge of intentional murder in the second degree, the defense has raised the legal defense of lack of criminal responsibility, as a result of mental disease or defect, under section 30.05 of the Penal Law. The prosecutor has adduced proof tending to overcome this defense. Four psychiatrists have testified concerning their examinations, findings and their opinions. The opinions asked and expressed concerned the criminal responsibility or lack of responsibility under section 30.05. None were asked, and none gave, an opinion concerning the defense of extreme emotional disturbance under section 125.25 of the Penal Law. In performing its obligation to inform counsel, prior to summations, of the charges to be submitted to the jury, the People request, and the defendant opposes, a submission of the reduced charge of manslaughter, first degree, on the theory of intentional murder mitigated by an extreme emotional disturbance.
This is not the usual “heat of passion” case. The defendant is accused of taking a meat cleaver, breaking into a locked apartment in the same building, occupied by a couple unknown to the defendant, and cutting off the head of a woman he had never met and who had done nothing to provoke the incident. The defendant has a history of mental illness since 1977. His statements to the police were that he was Jesus and he cut the head off the devil.
*292 Section 125.25 of the Penal Law was derived from the Model Penal Code. Even under the code, there is a paucity of decisions. Nonetheless, it is clear that the legislative intention was to recognize a condition, in intentional murder, not arising to the level of a complete insanity defense under section 30.05 of the Penal Law, which allows the showing of mental infirmity in mitigation of the more severe penalties for murder, second degree. (See the excellent discussions in People v Shelton, 88 Misc 2d 136; People v Ford, 102 Misc 2d 160; see, also, Criminal Law — Mental Condition, Ann., 22 ALR3d 1228.)
I hold in this case that reduced manslaughter in the first degree by reason of extreme emotional disturbance is a lesser included crime of murder in the second degree in a case where the defense of mental disease or defect has been raised and that such offense may be submitted to a jury even though the expert opinions were rendered only with respect to the total lack of criminal responsibility, and against the wishes of the defendant. The larger includes the smaller and there is testimony, even without an expert opinion, on which the jury may arrive at such verdict.