■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. LORD, JR., Appellant. — Judgment unanimously affirmed. Memorandum: Defendant stands convicted of attempted murder in the second degree. He was sentenced as a persistent felony offender to an indeterminate term of 20 years to life. ¶ Ronald Hook testified that on the night of July 16, 1976, defendant and one Schwartz stabbed him a total of 40 to 45 times with an ice pick. It was the theory of prosecution that defendant attempted to kill Hook in order to prevent Hook from revealing defendant's participation in a bank robbery in which defendant, Hook, Schwartz and one Yagy previously had participated. The evidence also demonstrated that between the time of the bank robbery and the time Hook was stabbed, Hook and one Dixon, who was then the manager of a supermarket in Rochester, planned a robbery of the supermarket which was executed by Schwartz and Yagy. ¶ In furtherance of the theory of prosecution, Hook was allowed to testify at trial that a day or two before he was stabbed by defendant and Schwartz, the following occurred: "Mr. Yagy approached me in the presence of Mr. Lord and he said, 'I got news for you, they're drilling the piss out of your friend, Mark Dixon, downtown and I want you to leave town,' pretty much that tone of voice. He said 'after they get through questioning him, you are going to be next, and you are going to blow this robbery and the whole thing,' and he pointed to Mr. Lord * * * I agreed to leave town. I mentioned to Mr. Yagy that I had a brother in California and I would like to go

and see him anyway. He said, 'we want you to come with me, we want you to come with us' * * * I agreed with him and I told him I was going to go home and pack a bag and he said he'd call me back. So I went home and about an hour later he called back. Q. Who is 'he'? A. Mr. Yagy. Q. Don't tell us anything — at this point, you are talking to him over the phone correct? A. Yes, sir. Q. Don't tell us anything he said. Did you tell him anything? A. I told him that my mother wouldn't allow me to leave town at that time." ¶ Defendant argues that Yagy's out-of-court statements were impermissible hearsay which denied him his right of confrontation. We disagree. The testimony was properly received under the rule of admission by silence as probative of defendant's state of mind and motive. "Silence, when one would naturally be expected to speak is often as significant as an express admission. When a party fails to deny a statement made in his presence, under such circumstance that the party heard and fully understood what was said, and had an opportunity to reply, and would naturally have denied the statement had he regarded it as untrue, then the statement, together with the fact of his silence, is admissible in evidence on the theory that the party's silence was, under the circumstances, a tacit admission of the truth of the statement. See People v Allen, 300 N. Y. 222, 225, 90 N. E. 2d 48, 50; People v. Koerner, 154 N. Y. 355, 374, 48 N. E. 730, 736; Cohen v. Toole, 184 App. Div. 70, 171 N. Y. S. 577." (Richardson, Evidence [Prince, 10th ed], § 222, p 197; see and cf. *People v Kennedy,* 164 NY 449, 456-457.) ¶ The clear import of Yagy's statements to Hook was that Hook should leave town with Yagy and defendant because Hook would next be questioned by the police and would "blow this robbery and the whole thing." To emphasize the reference to defendant, Yagy pointed to him as he made the statement. The statements were made in the presence and hearing of defendant, who had a full opportunity to respond. It is natural to expect that defendant would have denied or disavowed the statements if he considered them untrue. Under the circumstances, the inference is justifiable that defendant assented to and acquiesced in Yagy's statements. ¶ We also hold that evidence of the bank robbery was properly received to show motive (*People v Molineux,* 168 NY 264), and we reject the argument that New York's persistent felony statute (Penal Law, § 70.10) and the statutory procedures provided for its implementation (CPL 400.16, 400.20) are unconstitutional (*People v Oliver,* 96 AD2d 1104; see, also, *People v Morse,* 62 NY2d 205). Nor is there any merit to defendant's claim of error arising from the court's refusal to charge assault second degree and assault third degree as lesser included offenses. Assault is not a lesser included offense of attempted murder (*People v Grant,* 96 AD2d 867). ¶ We have reviewed defendant's other claims of error and find that they are either without merit or do not require reversal. (Appeal from judgment of Monroe County Court, Mark, J. — attempted murder, second degree.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Moule, JJ.