■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK RUSSO, Appellant. — Appeal by defendant from (1) a judgment of the County Court, Nassau County (Harrington, J.), rendered September 7, 1983, convicting him of robbery in the first degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 9 to 18 years, and (2) a judgment of the same court, also rendered September 7, 1983, convicting him of attempted robbery in the first degree, upon his plea of guilty and sentencing him to an indeterminate term of imprisonment of 5 to 15 years, to run concurrently with the sentence imposed on the other judgment.

Judgments affirmed.

The record amply supports the jury's verdict finding defendant guilty of robbery in the first degree. Although complainant's description of the perpetrator, given to the police immediately after the crime, was inconsistent with defendant's physical appearance at the time of trial, the testimony of the complainant as well as that of two police officers reveals that there had indeed been a radical change in defendant's appearance. The complainant's positive identification of defendant is in no way minimized because of this change. The jury could have reasonably inferred that defendant had attempted to disguise his appearance, such conduct being indicative of a "consciousness of guilt" (*see, People v Haitz,* 65 AD2d 172, 176). The issue of credibility is primarily for the jury and there is no basis to disturb the jury's decision to credit complainant's identification testimony (*see, People v Joyiens,* 39 NY2d 197, 203; *People v Gruttola,* 43 NY2d 116, 122).

Nor was the pretrial identification procedure unnecessarily suggestive and conducive to irreparable mistaken identification (*see, Stovall v Denno,* 388 US 293, 301-302). Complainant's identification of defendant emanated from his independent recollection and was not based on any suggestive behavior on the part of police (*see, People v Logan,* 25 NY2d 184, *cert denied* 396 US 1020).

Furthermore, the attempt by defendant to assign error based on a violation of the mandate of *Brady v Maryland* (373 US 83), is also without merit. Though the police have a duty to disclose exculpatory material in their control, failure to so disclose will constitute reversible error if such evidence is material to the defense and likely to have changed the jury's verdict (*see, People v McMullen,* 92 AD2d 1059, 1060). The photographs in dispute were of a nonexculpatory nature. In any event, in all likelihood, the photographs would not have affected the judgment of the jury, in view of the overwhelming evidence of defendant's guilt (*see, People v Malizia,* 62 NY2d 755, 757, *cert denied* __ US __, 105 S Ct 327; *People v Crimmins,* 36 NY2d 230).

Lastly, we conclude that the sentencing court did not abuse its discretion and there is no basis for a downward modification of defendant's sentences (*People v Suitte,* 90 AD2d 80). Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.