(March 20, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JANSEN, Appellant.—Casey, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered October 19, 1983, upon a verdict convicting defendant of the crimes of assault in the second degree (two counts), unlawful imprisonment in the first degree, sodomy in the first degree and aggravated sexual abuse.

The facts supporting defendant's conviction have been sufficiently stated in the companion case of *People v Francine CC.* (112 AD2d 531). Defendant's participation in that same criminal transaction resulted in the convictions from which he now appeals.

Defendant's first argument, that the warrantless search of the van in which the crimes were committed was illegal, has already been considered and determined to the contrary in *People v Francine CC. (supra) (see also, People v Milerson,* 51 NY2d 919, 921). Next, we find that the trial evidence was sufficient in both quantity and quality to support the jury's verdict. The admitted inconsistencies in some of the testimony merely presented an issue of credibility for the jury, which obviously accepted the prosecution's version of the facts.

With regard to the trial court's jury charge, defendant

claims three errors: (1) that the court improperly marshaled the evidence; (2) that the court's charge with regard to assault in the second degree, as it applied to one of the two victims, Linda Hertica, was erroneous; and (3) that the court erred in charging assault in the second degree as a lesser included offense of attempted murder in the second degree as it applied to the other victim, William Hendrickson.

Defendant's first claim of error is meritless since no objection was made or exception taken to the charge when it was given. The error, if any, has therefore not been preserved for appellate review (see, CPL 470.05 [2]; People v McMullen, 92 AD2d 1059, 1060; People v Coker, 90 AD2d 958).

Defendant next urges that because the indictment charged that he committed assault in the second degree on Hertica "in furtherance of the commission and attempted commission of felonies, to wit, murder, sodomy *and* aggravated abuse" (emphasis supplied), the prosecution was required to prove the commission of all of the mentioned felonies. This same argument was rejected in People v Charles (61 NY2d 321, 327), wherein it was held that the use in the indictment of the conjunctive "and", rather than the disjunctive "or", did not bind the prosecution to prove more than the statute itself required. Defendant's argument against his conviction of assault in the second degree as to Hertica must therefore be rejected.

As to defendant's third and final contention, it is true that assault in the second degree is not a lesser included offense of attempted murder in the second degree (People v Lord, 103 AD2d 1032) under the test for lesser included offenses prescribed by People v Glover (57 NY2d 61). Nevertheless, it does not follow that the error must be considered jurisdictional, thereby requiring the reversal of all of the underlying convictions. Only the authority of the trial court to enter judgment on the merits against defendant on that specific charge is affected (see, People v Ford, 62 NY2d 275, 282-283). Defendant's conviction of assault in the second degree as a lesser included offense of attempted murder in the second degree as to Hendrickson must therefore be reversed.

Finally, in view of defendant's "bad attitude" and his extensive prior criminal record, the prison sentence of 10 to 20 years for the crimes of sodomy in the first degree and aggravated sexual abuse, 3 to 6 years for assault in the second degree and 1½ to 3 years for unlawful imprisonment, all sentences imposed on defendant as a second felony offender

and all to run concurrently, cannot be considered an abuse of the trial court's sentencing discretion. Some leniency was exercised by the court's refusal to sentence defendant as a persistent felon.

Judgment modified, on the law, by reversing the conviction of assault in the second degree as a lesser included offense of attempted murder in the second degree and dismissing said count in the indictment, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.