■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST WEIBKE, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered October 19, 1983, upon a verdict convicting defendant of the crimes of sodomy in the first degree, aggravated sexual abuse, assault in the second degree (two counts) and unlawful imprisonment in the first degree.

The facts underlying the instant matter are set out sufficiently in the companion case of People v Francine CC. (112 AD2d 531), tried herewith.

Defendant contends that his conviction for assault in the second degree must be reversed since it was improperly submitted to the jury as a lesser included offense of the count for attempted murder in the second degree. Defendant was acquitted of attempted murder in the second degree and convicted of assault in the second degree as perpetrated on the victim William Hendrickson. We concur with defendant's contention (see, People v Jansen, 118 AD2d 953). Assault in the second degree is not a lesser included offense of attempted murder in the second degree (see, e.g., People v Lord, 103 AD2d 1032, 1033; People v Simon, 96 AD2d 1086, 1087). We find the prosecutor's contention that a jurisdictional predicate for the conviction exists to be untenable. Although defendant was indicted under a separate count for assault in the second

degree against Hendrickson, that count of the indictment was dismissed by County Court at the close of the People's case. It follows then that the conviction for assault in the second degree against Hendrickson must be reversed.

Defendant also contends that the merger doctrine, enunciated in *People v Cassidy* (40 NY2d 763), precludes his conviction for sodomy and unlawful imprisonment in the first degree in that the latter merges with the former. We note, however, that the two crimes involved different victims. Merger would therefore be totally inappropriate in such an instance.

In addition, we find no error with regard to County Court's charge on the crime of sodomy in the first degree. Defendant contends that his conviction for sodomy precludes his conviction for aggravated sexual abuse. We note that defendant neither excepted to the charge nor made any request for submission of the charge of aggravated sexual abuse as a lesser included offense of sodomy. It follows that the issue is not preserved for appellate review *(see,* CPL 300.50 [1]; 470.05 [2]). In any event, aggravated sexual abuse is not a lesser included offense of sodomy in the first degree in that both crimes are of the same degree, i.e., class B felonies, and thus one offense cannot be a lesser included offense of the other.

Finally, defendant takes exception to County Court's charge to the jury. We find that the court adequately explained the application of the relevant law to the facts. The charge was in all respects proper.

Judgment modified, on the law, by reversing the conviction of assault in the second degree as a lesser included offense of attempted murder in the second degree and dismissing said count in the indictment, and, as so modified, affirmed. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.