■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN MOORE, Appellant.—Judgment unanimously reversed

on the law and as a matter of discretion in the interest of justice and a new trial granted. Memorandum: Defendant was convicted of murder for hacking an elderly woman to death with a meat cleaver. There was no apparent motive for the crime. Three psychiatrists testified for the defense that at the time of the murder defendant was suffering from delusions he was Jesus Christ and the victim was Satan. They also asserted that defendant did not know that what he did was wrong. The one psychiatrist who testified for the prosecution acknowledged that defendant had a history of mental illness, but opined that at the time of the crime defendant was not insane because his conduct was the result of a personality disorder which did not prevent him from knowing what he did was wrong.

When the defense of insanity is raised, the People must establish beyond a reasonable doubt both that the defendant knew the nature and quality of his acts and that he knew the acts were wrong (Penal Law § 30.05 [1]). The judgment must be reversed on the law, notwithstanding defense counsel's failure to object to the charge (see, People v Young, 65 NY2d 103, 108), because on this record we are not satisfied that this rule of law was properly and clearly presented to the jury (see, People v Kelly, 302 NY 512, 515; People v Buthy, 38 AD2d 10, 13-14; cf., People v Coker, 90 AD2d 958, 959). (Appeal from judgment of Ontario County Court, Reed, J.—murder, second degree, and other offenses.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ. [See, 123 Misc 2d 291.]