■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DION SWINDELL, Appellant.—Appeal by the the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered April 29, 1983, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On August 20, 1982, a dispute arose between the defendant's girlfriend and the proprietor of a Brooklyn grocery store over the purchase of an ice cream. The defendant—who had been waiting outside—thereupon entered the store and himself became involved in a heated argument with the proprietor. An employee who was present intervened, however, and the defendant departed, informing the proprietor before he left, that "I'll be right back for you". Minutes later, the defendant returned, produced a weapon and fired two shots at the proprietor, mortally wounding him. At trial, the defendant contended that he had fired in self-defense only after he had observed the proprietor reach into his back pocket for what the defendant believed to be a gun. The jury rejected the defendant's justification defense and convicted him of murder in the second degree and criminal possession of a weapon in the second degree.

On appeal, the defendant argues, inter alia, that the People's failure to disclose that guns had been discovered in the victim's shop, along with their failure to produce the police officer who had found and vouchered them, effectively under-

mined his justification defense and deprived him of a fair trial. We disagree.

Assuming—without deciding—that the evidence in question was exculpatory, we nevertheless conclude that the People's failure to disclose its existence prior to trial does not, under the circumstances, require reversal of the conviction. While "the police have a duty to disclose exculpatory material in their control, failure to so disclose will constitute reversible error [only] if such evidence is material to the defense and likely to have changed the jury's verdict" *(People v Russo,* 109 AD2d 855, 856). At bar, the defendant suffered no prejudice by virtue of the People's failure to disclose the existence of the guns prior to trial. The record is replete with testimony concerning the discovery of weapons in the grocery store where the shooting occurred. Indeed, the parties stipulated that the guns had been discovered in the store and three police officers testified with respect to their recovery. Moreover, a clerk who was present during the shooting testified that 3 or 4 days prior to the incident he had seen the victim carrying a .32 caliber pistol in his belt.

It is apparent, therefore, that the jurors were repeatedly apprised of the existence of the weapons and their discovery in the grocery store, thereby undermining the defendant's contention that he was seriously prejudiced in his attempt to mount a claim of self-defense. In any event, the testimony adduced at trial revealed that the victim had been shot in the back, thus rendering suspect the defendant's contention that the victim had been threatening him with a weapon at the time of the shooting. The record further reveals, moreover, that the defendant's mother, a defense witness, testified that a police officer informed her of the guns and that she, in turn, had informed the defendant's attorney shortly after the shooting occurred. Accordingly, defense counsel was, in fact, aware that weapons had been discovered in the store. In light of the foregoing, we conclude that there is no significant probability that the jury's verdict would have differed had the People advised the defendant that guns had been discovered in the grocery store *(see, People v Russo, supra).*

The defendant's remaining contentions are either unpreserved for appellate review or lacking in merit. Kunzeman, J. P., Eiber, Kooper and Harwood, JJ., concur.