■ SAMUEL BRONGO et al., Respondents, v CHARLES R. BRONGO, Appellant.—Judgment unanimously affirmed with costs for reasons stated at Special Term, Tillman, J. (Appeal from judgment of Supreme Court, Monroe County, Tillman, J. —summary judgment.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN PILBEAM, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant contends that the trial court erred in its charge concerning the defense of mental disease or defect. We agree. Since defendant raised the insanity defense, the People were required to prove beyond a reasonable doubt that defendant knew the nature and consequences of his acts and that he knew the acts were wrong (Penal Law former § 30.05 [1]; *People v Moore,* 132 AD2d 963, 964). This charge should be clear and unambiguous *(People v Young,* 65 NY2d 103, 109). The court, on numerous occasions during its charge, incorrectly stated the applicable law. Because the court failed to instruct the jury clearly on this crucial issue, reversal is mandated *(People v Young, supra; People v Kelly,* 302 NY 512, 515-517; *People v Moore, supra; People v Buthy,* 38 AD2d 10). (Appeal from judgment of Monroe County Court, Provenzano, J.—murder, second degree; grand larceny, second degree; robbery, first degree; conspiracy, second degree.) Present—Dillon, P. J., Callahan, Green, Balio and Lawton, JJ.