■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID J. BEVERLY, Appellant. [645 NYS2d 689] —Judgment unanimously affirmed. Memorandum: We reject the contention that defendant was denied effective assistance by defense counsel's failure to request that Supreme Court consider assault in the second degree (Penal Law § 120.05 [3], [4]) and reckless endangerment in the second degree (Penal Law § 120.20) as lesser included offenses of attempted murder in the first degree (Penal Law §§ 110.00, 125.27). Neither assault (*see, People v Lord,* 103 AD2d 1032; *People v Grant,* 96 AD2d 867, 868) nor reckless endangerment (*see, People v Ramirez,* 55 NY2d 708) is a lesser included offense of attempted murder.

Defendant's waiver of a jury trial is authorized by CPL 320.10. The indictment did not charge defendant with the crime of murder in the first degree (*see,* CPL 320.10 [1]).

The sentence of 15 years to life is the minimum permitted by law for attempted murder in the first degree (*see,* Penal Law § 70.00 [2] [a]; [3] [a] [i]) and thus the sentence cannot be modified in the exercise of our interest of justice jurisdiction (*see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Attempted Murder, 1st Degree.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.