■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MASSURIN, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered November 16, 1973, convicting him of murder (two counts), robbery in the first degree, petit larceny and possession of weapons, etc., as a misdemeanor, upon a jury verdict, and imposing sentence. Judgment affirmed. The independent evidence of appellant's guilt was overwhelming; it cannot be said that the denial of his request for a severance was an abuse of discretion (see *People v Fisher,* 249 NY 419; *People v Snyder,* 246 NY 491; cf. *People v Payne,* 35 NY2d 22; *People v La Belle,* 18 NY2d 405). Considering the background, circumstances and extreme brutality of the crimes, we find no merit to appellant's contention that the sentence was excessive. Martuscello, Acting P. J., Latham, Hawkins and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO MEYER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 21, 1973, convicting him of possession of weapons, etc., as a felony, after a nonjury trial, and imposing sentence. Judgment reversed, on the law, and indictment dismissed, as a matter of discretion in the interest of justice. The District Attorney has been unable to furnish proof that defendant signed a written waiver of his right to a jury trial. His alleged oral waiver of that right was ineffective (see *People v Brown,* 37 AD2d 980). Since defendant has served his sentence, the interest of justice will best be served by a dismissal of the indictment. Rabin, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.