■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELI RODRI-GUEZ, Appellant.—Judgment, Supreme Court, Bronx County, rendered January 24, 1977, convicting defendant of attempted murder in the first degree and of robbery in the first degree, and sentencing him to concurrent terms of imprisonment of 17 years to life on the attempted murder conviction, and to 8⅓ to 25 years on the robbery conviction, is unanimously modified, on the law, to reduce the conviction of attempted murder in the first degree to attempted assault in the first degree, and to reduce the sentence thereon to an indeterminate sentence with a minimum of 2⅓ years and a maximum of 7 years to run concurrently with the sentence for robbery in the first degree, and the judgment is otherwise affirmed. In the course of a robbery of a subway token booth, interrupted by the police who had staked out the station to watch for such a possibility, defendant fired one shot in the direction of a police officer, which passed several feet from the police officer.

The Judge properly submitted to the jury attempted assault in the first degree (Penal Law, § 120.10) as a lesser included offense under the charge of attempt to commit murder in the first degree (Penal Law, § 125.27). The essential difference between the crimes on these facts is in the requisite intent. Attempt to commit murder in the first degree requires "intent to cause the death" (Penal Law, § 125.27). Attempt to commit assault in the first degree requires "intent to cause serious physical injury" (by means of a deadly weapon) (Penal Law, § 120.10). "A person acts intentionally with respect to a result * * * described by a statute defining an offense when his conscious objective is to cause such result" (Penal Law, § 15.05, subd 1). The evidence in the present case is equally consistent with a conscious objective to cause serious physical injury or with a conscious objective to cause death. Such evidence thus equally consistent with the two intents may not form the basis for a finding against the defendant of the graver intent. In the present case, unlike *People v Bracey* (41 NY2d 296, 302), there is nothing in the surrounding evidence to enable the jury to choose between the two intents and thus in order to find the graver intent rather than the lesser, "the jury would have to resort to sheer speculation". Attempted assault in the first degree is a class D felony (Penal Law, § 110.05, subd 6) punishable by a maximum term of imprisonment up to seven years and a minimum, within the court's discretion, up to one third of the maximum. Attempted murder in the first degree is a class A-1 felony (Penal Law, § 110.05, subd 1) punishable by a mandatory maximum term of imprisonment for life, and a mandatory minimum between 15 to 25 years. Whether a defendant should suffer the sanctions of conviction of a A-1 felony or a D felony should not depend on such equivocal evidence equally consistent with either. Accordingly, we hold that there is a reasonable doubt, as a matter of law, as to whether defendant intended, i.e., had the conscious objective to cause the death of the police officer, and we therefore, pursuant to CPL 470.15 (subd 2, par [a]), change the conviction of attempt to commit murder in the first degree to one of conviction of attempt to commit assault in the first degree. CPL 470.20 (subd 4) provides: "Upon a modification of a judgment after trial which reduces a conviction of a crime to one for a lesser included offense, the court must remit the case to the criminal court with a direction that the latter sentence the defendant accordingly." However, in the present case the sentence on the attempted assault count has no practical significance. The sentence on that count cannot possibly equal that which we are sustaining below for the conviction of robbery in the first degree, and will be concurrent with that sentence. It is apparent that the Trial Justice thought that even 15 years to life was insufficient punishment for the defendant's crime, so there is no question of his imposing a sentence of less than the maximum for the crime of attempted assault if we were to send the case back for resentence. Accordingly, we think no useful purpose would be served by having the defendant brought back from his place of incarceration to New York to wait in our crowded jails for a meaningless resentence and then sent back to his place of incarceration. Rather than engage in this useless exercise, we reduce the sentence for attempted assault in the first degree to imprisonment for an indeterminate term of which the minimum shall be 2⅓ years and the maximum 7 years, to run concurrently with the sentence on the conviction for robbery in the first degree. With respect to the conviction of the crime of robbery in the first degree, we have not only the ordinary elements of robbery in the first degree, including the display of a loaded pistol, but, in addition, the pistol was actually discharged by the defendant and discharged at a police officer. In the circumstances, even

though defendant has no previous criminal record, we do not interfere with the discretion of the Trial Judge in imposing the maximum permissible sentence with respect to the robbery charge, i.e., imprisonment for 8⅓ to 25 years. We have examined the points raised in appellant's brief and we find them to be without merit. We have disregarded the ex parte correction made by the Trial Judge, a year and one-half after the events and after the briefs had been submitted in this court. The correction is really quite immaterial to the appeal. Concur—Lupiano, J. P., Birns, Silverman, Evans and Sandler, JJ.