■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED GRANT, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Tsoucalas, J.), rendered June 20, 1980, convicting him of attempted murder in the second degree, assault in the first degree, and two counts of robbery in the first degree, upon a jury verdict, and sentencing him to concurrent prison terms on the two robbery convictions and to prison terms on the attempted murder and assault convictions concurrent with each other and

consecutive to the robbery sentences. Judgment modified, on the law, by providing that all of the sentences imposed are to run concurrently. As so modified, judgment affirmed. The convictions arose out of an armed robbery of a gas station. Defendant shot the station's assistant manager in the back as the assistant manager fled from him. That act, which constituted the basis of the attempted murder and assault convictions was an element of one of the robbery convictions. The sentences, therefore, must all be concurrent (Penal Law, § 70.25, subd 2). Since it is theoretically possible to commit attempted murder in the second degree without at the same time committing assault in the first degree, the latter is not a lesser included offense with respect to the former (see *People v Glover,* 57 NY2d 61; *People v Green,* 56 NY2d 427). Consequently, the verdict of guilty of attempted murder in the second degree does not require reversal of the conviction for assault in the first degree (see CPL 300.40, subd 3, par [a]). Defendant was not denied exculpatory evidence, no substantial right was impaired and the evidence against him independent of his codefendant's testimony was substantial. Therefore, the denial of his request for a severance was not an abuse of discretion (see *People v Fisher,* 249 NY 419; *People v Massurin,* 56 AD2d 937). Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.