■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CHAPMAN, Appellant. — Judgment, Supreme Court, New York County (J. Leonforte, J.), rendered December 17, 1980 convicting defendant on jury verdict of the crimes of attempted murder in the second degree (Penal Law, §§ 110.00, 125.25), assault in the second degree (Penal Law, § 120.05) and attempted assault in the first degree (Penal Law §§ 110.00, 120.10), and sentencing him thereon, is unanimously modified, on the law, to the extent that the conviction for attempted assault in the first degree under indictment No. 490A of 1980 is reversed and the sentence for that crime is vacated, and that count dismissed, and the judgment is otherwise affirmed. The crime of attempted assault in the

first degree under subdivision 1 of section 120.10 of the Penal Law is not a lesser included offense under a charge of attempted murder in the second degree under section 125.25. An essential element of assault in the first degree under subdivision 1 of section 120.10 is the use of a deadly weapon or a dangerous instrument, and that is not an element of the crime of murder in the second degree, so that it is theoretically possible to commit murder in the second degree without concomitantly committing by the same conduct assault in the first degree under subdivision 1 of section 120.10. It was thus error, as the District Attorney concedes, to submit the crime of attempted assault in the first degree as a lesser included offense under the count charging attempted murder in the second degree in indictment No. 490A. With respect to the Judge's instruction to defendant not to discuss his testimony with his attorney during recesses in defendant's testimony, there was no objection to that instruction, and accordingly, we do not consider whether the instruction would have been error if there had been such objection. Nor is this a case in which we deem it appropriate to exercise our "discretion in the interest of justice" jurisdiction under CPL 470.15 (subd 3, par [c]; subd 6) to review claimed error not duly protested to at trial. "For all that appeared * * * defense counsel found the directives given that day unobjectionable and not adverse to defendant's interests." (*People v Narayan,* 54 NY2d 106, 113.) Concur — Ross, J. P., Asch, Silverman, Bloom and Alexander, JJ.