■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE HASLIP, Appellant. — Appeal by defendant from a judgment of the County Court,

Suffolk County (Weissman, J.), rendered April 30, 1981, convicting him of assault in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence. ¶ Judgment affirmed. ¶ Defendant was charged under a two-count indictment with the crime of assault in the first degree (two counts). The first count alleged, in pertinent part, that with the intent to cause serious physical injury to Pagene Roper, defendant caused such injury to Roper by means of a dangerous instrument. The second count alleged, in pertinent part, that with the intent to disfigure Pagene Roper seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body, defendant caused such injury to Roper. At the close of the trial, the court, acting upon the general request of defendant's counsel to charge the jury as to assault in the second degree, charged the jury with regard to each count of the indictment that, in the alternative, it could find defendant guilty of assault in the second degree, either under subdivision 1 of section 120.05 of the Penal Law (with the intent to cause serious physical injury to Roper, defendant caused such injury to Roper) or subdivision 4 of section 120.05 of the Penal Law (defendant recklessly caused serious physical injury to Roper by means of a dangerous instrument). ¶ The jury returned a verdict finding defendant guilty of the crime of assault in the first degree as charged in the first count of the indictment, and acquitted defendant of the crime of assault in the first degree as charged in the second count but found him guilty, under that count, of assault in the second degree, under subdivision 4 of section 120.05 of the Penal Law. ¶ However, the crime of assault in the second degree (Penal Law, § 120.05, subd 4), which was charged to the jury with regard to the second count of the indictment, is not a lesser included offense of the crime of assault in the first degree (Penal Law, § 120.10, subd 2) as charged in that count. The crime of assault in the second degree under subdivision 4 requires proof of the added element of the use of a dangerous instrument which is not required to establish the crime of assault in the first degree under subdivision 2 of section 120.10 (see *People v Green,* 56 NY2d 427; *People v Chapman,* 97 AD2d 381). Since it is theoretically possible to commit assault in the first degree under subdivision 2 of section 120.10 without concomitantly committing, by the same conduct, assault in the second degree under subdivision 4 of section 120.05, it was error to submit the crime of assault in the second degree under subdivision 4 as a lesser included offense under the second count of the indictment. A reversal of the conviction for assault in the second degree is not required, however, because defense counsel failed to object to the jury charge, and thereby waived this error as a basis for reversal (see *People v Ford,* 62 NY2d 275). ¶ Defendant argues that a statement obtained from him should have been suppressed because the officers who took his statement were aware that he was represented by counsel on a pending criminal matter, and yet obtained his statement in the absence of counsel (see *People v Bartolomeo,* 53 NY2d 225). This claim is devoid of merit. There is no proof in the record that the police had knowledge of a prior pending criminal matter against defendant, or that they were otherwise chargeable with notice of any other pending criminal action. There is also no proof that defendant was represented by counsel on a pending criminal matter (see *People v Kinchen,* 60 NY2d 772; *People v Servidio,* 54 NY2d 951). ¶ We have considered defendant's other contentions and find them to be without merit. Mollen, P. J., Thomson, Rubin and Lawrence, JJ., concur.