■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL MALDONADO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered September 9, 1982, convicting him of manslaughter in the first degree, assault in the first degree and

criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of assault in the first degree, and vacating the sentence imposed thereon. As so modified, the judgment is affirmed.

In the early morning hours of December 16, 1980, a fight occurred at 151 Starr Street in Brooklyn involving David Roman, Harry Silver, and other youths. A friend of Silver's, one Wilfredo Colon, who was present during, and involved in, the fight, testified that at one point Yolanda Serrano dropped a machete or butcher knife out of her nearby apartment window for David Roman to use. Roman, however, was unable to get the knife or use it. After Silver had gotten the better of him in the fight, Roman retreated to his apartment building but then returned with a rifle and held the other youths at bay. Roman reentered the apartment building without any shots being fired. The defendant then appeared in one of the apartment windows with the rifle and began shooting, killing Harry Silver, and injuring Wilfredo Colon.

The defendant contends that the jury should have been charged that the testimony of Yolanda Serrano had to be corroborated pursuant to CPL 60.22 as she was an accomplice as a matter of law. This section provides that a witness is an accomplice when she may reasonably be considered to have participated in either the offense charged or an offense based upon the same or some of the same facts or conduct which constitutes the offense charged. Here, the defendant was indicted for crimes arising out of the shootings, and each count of the indictment mentions the defendant's use of the rifle. Serrano's act of dropping the machete or butcher knife down to the boys who were fighting may have indicated some involvement in the fight, but she could not reasonably be considered to have participated in an offense based on the same, or some of the same facts or conduct which constituted the offenses charged by the indictment.

The defendant's contention that the weight of the trial evidence was insufficient to support his convictions is without merit. Although each of the prosecution's three major witnesses had certain credibility problems, these problems were pointed out by the defendant's trial counsel during his summation. In general, the credibility of witnesses is a factual matter reserved exclusively for the jury, and appellate courts are resistant to second-guessing the jury's determination of this issue *(People v Di Girolamo,* 108 AD2d 755).

Although the defendant in his *pro se* supplemental brief argues that several errors were made during his trial, we find all but one to be without merit. He argues, and we agree, that inappropriate lesser included offenses were submitted to the jury over his objection.

The indictment charged the defendant with the following crimes: murder in the second degree, attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the fourth degree. The offenses of manslaughter in the first degree and manslaughter in the second degree were properly submitted as lesser included offenses of murder in the second degree since there is a reasonable view of the trial evidence which would support a finding that the defendant committed the lesser included offenses but not the greater. Under the attempted murder count, the Judge charged the jury with assault in the first degree pursuant to Penal Law § 120.10 (1) and assault in the second degree pursuant to Penal Law § 120.05 (4) as lesser included offenses. Both of these sections of the assault statutes have as an essential element, the use of a deadly weapon or a dangerous instrument, and that element is not an element of the crime of attempted murder in the second degree. Since it is theoretically possible to commit attempted murder in the second degree without at the same time committing assault in the first degree or assault in the second degree, the assault offenses are not lesser included offenses with respect to attempted murder in the second degree (*see, People v Glover,* 57 NY2d 61; *People v Lord,* 103 AD2d 1032; *People v Chapman,* 97 AD2d 381; *People v Grant,* 96 AD2d 867). It was thus error to submit the assault charges as lesser included offenses under the count of the indictment charging attempted murder in the second degree, and the defendant's conviction for assault in the first degree must be reversed.

While charging the jury as to the "lesser included offense" of assault in the first degree under the attempted murder charge, the Judge stated "Although [assault in the first degree] is set forth in count three of the indictment, I am submitting to you *[sic]* as a lesser included offense of count two". Since the Judge only charged assault in the first degree as a lesser included offense and not as a separate offense under the third count of the indictment, pursuant to CPL 300.40 (7), this count was deemed to have been dismissed. Mollen, P. J., Thompson, Eiber and Spatt, JJ., concur.