■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUILLERMO CORREDOR, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered March 13, 1984, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, J. P., Bracken, Niehoff, Kooper and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH DOBBINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered April 12, 1986, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Although both the defendant and the victim of the shooting gave versions of the incident that would indicate that it was an accident, subsequently, the victim at trial, and the defendant in a videotaped statement to the police, stated that the shooting was not accidental but rather the defendant was acting recklessly when the gun discharged. Credibility of witnesses is a factual matter reserved primarily for the jury, and appellate courts are reluctant to second guess the jury's determination of this issue (see, People v Di Girolamo, 108 AD2d 755, lv denied 64 NY2d 1133; People v Maldonado, 123 AD2d 788).

We have considered the defendant's other contention and find it to be without merit. Mollen, P. J., Bracken, Niehoff and Lawrence, JJ., concur.