**Alfred L. GRANT, Petitioner–Appellant,**

v.

**Robert HOKE and Robert Abrams, Attorney General of the State of New York, Respondents–Appellees.**

No. 447, Docket 89-2082.

United States Court of Appeals, Second Circuit.

Argued Nov. 29, 1989.

Decided Dec. 14, 1990.

George Edelstein, New York City, for petitioner-appellant.

Ivan A. Vogel, Asst. Dist. Atty., Queens County, Kew Gardens, N.Y. (John J. Santucci, Dist. Atty., Queens County, Kew Gardens, N.Y., of counsel), for respondents-appellees.

Before KEARSE, ALTIMARI, and MAHONEY, Circuit Judges.

MAHONEY, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the Southern District of New York, Leonard B. Sand, *Judge*, that denied petitioner-appellant Alfred L. Grant's application for a writ of *habeas corpus* brought pursuant to 28 U.S.C. § 2254 (1988).

We affirm.

## BACKGROUND

Grant was convicted in 1980 in the Supreme Court of the State of New York, Queens County, of attempted murder in the second degree, N.Y. Penal Law §§ 125.-25(1), 110.00 (McKinney 1987); assault in the first degree, *id.* § 120.10(1); and two counts of robbery in the first degree, *id.* § 160.15(1), (2) (McKinney 1988). He brought an initial petition for federal habeas corpus prior to the instant proceeding, which was dismissed because it included claims for relief that had not been exhausted at the state level. *See Grant v. Hoke*, 87 Civ. 4010, 1988 WL 3393 (S.D.N.Y. Jan. 7, 1988). The instant petition seeks relief on the sole ground that the denial of Grant's motion to sever his trial from that of codefendant Roy Calhoun abridged Grant's right to a fair trial, as guaranteed by the fourteenth amendment. This claim is concededly exhausted.

The facts developed at the state court trial, and found by the district court in this proceeding, are as follows. On the evening of November 3, 1978, Anthony Moseley was working as an assistant manager of a Merit gas station at 97–11 Northern Boulevard in Queens County together with two other attendants, Moses Norman and an individual named Walter. At approximately 9:25 p.m., Norman gave Moseley some cash receipts to put in a safe in the office. Moseley returned to the office, counted the money, which amounted to $260, placed it in an envelope, logged in the amount in the receipt book, and was preparing to place the cash in the office safe. At this juncture, Calhoun, a former employee, approached the office. Upon seeing Calhoun, Moseley dropped the envelope containing the cash into a small garbage can under his desk.

Calhoun entered the office and inquired about some boots that he claimed to have left in the office. Shortly thereafter, Grant entered the office. Moseley told Grant to leave. Grant refused and the two began arguing. Norman and Walter thereupon came to the office to see if anything was wrong. When they entered, Grant told them to leave. After noticing a pistol in Grant's waistband, they complied.

Inside the office, Grant took out a .45 automatic pistol from his belt, held it to Moseley's eye, and demanded to know where the money was. Moseley told him it was in the garbage can. Calhoun took the money and left the office. After Calhoun left, Grant took other money that Moseley had in his pockets, and told him "you're going to come with us." The two then left the office. When Moseley did not see Calhoun, he ran away from Grant. As Moseley was running, Grant fired three shots at him, one of which seriously injured Moseley.

Grant and Calhoun were subsequently arrested, indicted, and tried. Prior to trial, Grant moved before Justice Anthony P. Savarese to sever his case from that of codefendant Calhoun because of a potential *Bruton* problem arising from a pretrial statement by Calhoun. Justice Savarese ruled:

> Based upon the representation of the People that the statement of the codefendant will not be introduced as part of their direct case at a joint trial of this indictment, no *Bruton* problem (see *Bruton v. United States*, 391 U.S. 123 [88

S.Ct. 1620, 20 L.Ed.2d 476 (1968) ] ) exists.

The defendant's motion for a severance and for an order directing a separate trial is denied with leave to renew upon a sufficient factual showing that defendant would be prejudiced by a joint trial.

The trial was conducted before Justice Nicholas Tsoucalas. Norman and Moseley testified for the prosecution, providing the above account of the robbery on November 30, 1978. Calhoun asserted duress as his defense. He claimed that he went to the gas station to look for his missing boots, and only did what Grant told him to do out of fear for his and Moseley's lives. Calhoun testified to this effect, and also presented two witnesses to buttress his claim that he went to the gas station in order to recover his boots. Calhoun's counsel also urged the duress defense in summation.

Grant's defense, on the other hand, was misidentification. Grant did not present a defense case, but his counsel argued in summation that Norman and Moseley had never seen Grant before the robbery, that Calhoun knew Grant only casually from seeing him in the adjacent neighborhood prior to the robbery and did not even know Grant's name, and accordingly that the identification testimony of these witnesses did not suffice to prove Grant's guilt beyond a reasonable doubt.

Prior to summation, however, at the conclusion of the trial, Grant moved for a mistrial. The motion, and the court's response, were as follows:

[GRANT'S COUNSEL]: [B]efore any motions, at the end of the case, I had discussed this matter with my client and he asked me now to make a motion for a mistrial on the grounds that it has become an adversary proceeding between Mr. Grant and Mr. Calhoun. That he felt that in all fairness the cases should have been severed for separate trials.

THE COURT: Your motion is denied, counselor. I may say that you had a motion for a severance that was decided by Judge Savarese. That is the law of the case. Your objection to that decision is still on the record and it's been preserved.

[GRANT'S COUNSEL]: Yes, sir.

THE COURT: I made that statement to you and Mr. Grant at the beginning of the trial. On those grounds, your motion is denied. I am not the Court of Appeals or the Appellate Division to overrule Judge Savarese.

The jury convicted both Grant and Calhoun. As indicated hereinabove, Grant was convicted on one count of attempted murder in the second degree, one count of assault in the first degree, and two counts of robbery in the first degree. He was sentenced to an indeterminate term of imprisonment of twelve and one-half to twenty-five years for attempted murder, to run concurrently with an indeterminate term of five to ten years for the assault. Grant was also sentenced to an indeterminate term of twelve and one-half to twenty-five years on each robbery count, to run concurrently with each other but consecutively to the sentences for attempted murder and assault.

Grant's conviction was affirmed by the Appellate Division, Second Department, but the judgment was modified to provide that all sentences run concurrently. *People v. Grant*, 96 A.D.2d 867, 465 N.Y.S.2d 750 (2d Dep't 1983). On the question of severance, the Appellate Division said:

Defendant was not denied exculpatory evidence, no substantial right was impaired and the evidence against him independent of his codefendant's testimony was substantial. Therefore, the denial of his request for a severance was not an abuse of discretion (see *People v. Fisher*, 249 N.Y. 419, 164 N.E. 336; *People v. Massurin*, 56 A.D.2d 937, 392 N.Y.S.2d 710).

*96 A.D.2d at 868, 465 N.Y.S.2d at 751.*

Leave to appeal was denied by the New York Court of Appeals in an order dated November 9, 1983.

The district court denied the instant petition in an opinion concluding that the "petitioner has not met his burden of demon-

strating that he was substantially prejudiced by the joint trial and denied a fair trial as guaranteed by the fourteenth amendment." In so ruling, the district court observed that "[a]lthough Judge Tsoucalas incorrectly ruled that the law of the case doctrine precluded him from reconsidering the severance motion, *see generally, People v. Krugman,* 44 Misc.2d 48, 49, 252 N.Y.S.2d 846 (Kings County Sup.Ct. 1964), a petitioner must nonetheless show that he was denied a fundamentally fair trial ... to be granted federal habeas relief."

This appeal followed.

### DISCUSSION

On appeal, Grant contends that by denying his application for severance, the trial court denied him his right to a fair trial by jointly trying him with a codefendant who had an irreconcilably antagonistic defense.

As a general rule in federal court, the decision whether to grant a severance is "committed to the sound discretion of the trial judge." *United States v. Casamento,* 887 F.2d 1141, 1149 (2d Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 1138, 2175, 2564, 107 L.Ed.2d 1043 (1990); *see also United States v. Chang An–Lo,* 851 F.2d 547, 556 (2d Cir.), *cert. denied,* 488 U.S. 966, 109 S.Ct. 493, 102 L.Ed.2d 530 (1988); *United States v. Nersesian,* 824 F.2d 1294, 1303 (2d Cir.), *cert. denied,* 484 U.S. 957, 958, 1061, 108 S.Ct. 355, 108 S.Ct. 357, 108 S.Ct. 1018, 98 L.Ed.2d 380, 98 L.Ed.2d 958, 98 L.Ed.2d 983 (1987). "[A] denial of such a motion will be reversed only upon a showing of clear abuse of that discretion." *Chang An–Lo,* 851 F.2d at 556; *see also Casamento,* 887 F.2d at 1149; *Nersesian,* 824 F.2d at 1303. A defendant seeking to overturn a denial of a severance motion, furthermore, must show that he was so severely prejudiced by the joinder as to have been denied a fair trial, " 'not that he might have had a better chance for acquittal at a separate trial.' " *United States v. Burke,* 700 F.2d 70, 83 (2d Cir.) (quoting *United States v. Rucker,* 586 F.2d 899, 902 (2d Cir.1978) ), *cert. denied,* 464 U.S. 816, 104 S.Ct. 72, 78 L.Ed.2d 85 (1983).

It has nonetheless been recognized that a joint trial is fundamentally unfair where codefendants present mutually antagonistic defenses. *See United States v. Serpoosh,* 919 F.2d 835, 837–838 (2d Cir.1990); *United States v. Tutino,* 883 F.2d 1125, 1130 (2d Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 1139, 107 L.Ed.2d 1044 (1990); *United States v. Potamitis,* 739 F.2d 784, 790 (2d Cir.), *cert. denied,* 469 U.S. 918, 934, 105 S.Ct. 297, 105 S.Ct. 332, 83 L.Ed.2d 232, 83 L.Ed.2d 269 (1984). However, " '[a] simple showing of some antagonism between defendants' theories of defense does not require severance.' " *Potamitis,* 739 F.2d at 790 (quoting *United States v. Carpentier,* 689 F.2d 21, 27–28 (2d Cir.1982), *cert. denied,* 459 U.S. 1108, 103 S.Ct. 735, 74 L.Ed.2d 957 (1983) ). Rather, separate trials are required only upon a showing that " ' " 'the jury, in order to believe the core of testimony offered on behalf of [one] defendant, must necessarily disbelieve the testimony offered on behalf of his codefendant.' " ' " *Serpoosh,* at 838 (quoting *Potamitis,* 739 F.2d at 790 (quoting *Carpentier,* 689 F.2d at 28 (quoting *United States v. Berkowitz,* 662 F.2d 1127, 1134 (5th Cir.1981)))).

At least this much must be shown when a federal habeas court reviews a state court denial of a severance motion. *See Willard v. Pearson,* 823 F.2d 1141, 1149 (7th Cir.1987) (habeas petitioner must show *at a minimum* prejudice sufficient to warrant relief under Fed.R.Crim.P. 14 or its state counterpart); *Alvarez v. Wainwright,* 607 F.2d 683, 685 (5th Cir.1979) (same); *Ruzas v. Sullivan,* No. 85 Civ. 4801 (CBM), slip op. at 27, 1988 WL 83377 (S.D.N.Y. Aug. 2, 1988) ("To set aside a state court conviction because of the denial of a severance motion, a federal court must conclude that the petitioner's right to a fair trial, as secured under the fourteenth amendment, was abridged."); *cf. Breeland v. Blackburn,* 786 F.2d 1239, 1241 (5th Cir.1986) ("state habeas corpus decisions ... claiming a right to severance and cases reviewing federal convictions involving the same issue are treated interchangeably in the courts").

In this case, considerable antagonism plainly existed between the codefendants. However, it never reached the point where the jury, in order to believe the core testimony offered on behalf of Calhoun, must necessarily have disbelieved the defense offered on behalf of Grant. Rather, it was quite possible for the jury to have believed that Calhoun was coerced into committing the robbery, while still believing that Grant was misidentified as the individual who coerced Calhoun and committed the robbery. This was especially so in light of Grant's contention that Norman and Moseley had never seen Grant before the robbery, and that Calhoun had only the most casual prior knowledge of Grant from having previously encountered him in the neighborhood adjacent to the gas station. By contrast, in *Serpoosh*, where we recently determined that the denial of a severance in a federal criminal trial constituted reversible error, we concluded that because "[b]oth defendants gave detailed and mutually exclusive explanations of their conduct on the day of the arrest," *id.*, at 838, the required mutual antagonism of defenses had been established.

We concur in the district court's view that the state trial court probably ruled incorrectly in denying severance on the basis that a prior denial constituted the law of the case. The Appellate Division affirmed, however, and federal habeas corpus does not provide relief from such rulings. *See* 28 U.S.C. § 2254(a) (1988) (habeas relief available "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States"); *Willard v. Pearson*, 823 F.2d at 1149 (no habeas relief for alleged violation of state law).

In sum, we find no basis to conclude that Grant's trial was fundamentally unfair.

## CONCLUSION

The judgment of the district court denying Grant's petition for habeas corpus is affirmed.