■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN MORADEL, Appellant. [717 NYS2d 264] —Appeal by the defendant from a judgment of the County Court, Putnam County (Braatz, J.), rendered December 8, 1998, convicting him of attempted murder in the second degree, burglary in the first degree (three counts), criminal possession of a weapon in the third degree, criminal contempt in the first degree, aggravated harassment in the second degree, and endangering the welfare of a child (four counts), after a nonjury trial, and imposing a sentence which, *inter alia,* made the defendant's sentence for burglary in the first degree under count four of the indictment run consecutively to his sentences for attempted murder in the second degree and burglary in the first degree under counts 1, 2, and 3, respectively, of the indictment.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by making the sentence for burglary in the first degree under count four of the indictment run concurrently with the sentences imposed on the convictions of attempted murder in the second degree and burglary in the

first degree under counts 1, 2, and 3, respectively, of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of attempted murder in the second degree beyond a reasonable doubt (*see,* Penal Law §§ 110.00, 125.25 [1]; *People v Gagliardi,* 232 AD2d 879; *People v Moore,* 184 AD2d 1042). Contrary to the defendant's contention, the evidence of multiple stab wounds to the victim's head, as well as his attempt to stab the victim in the chest, was indicative of lethal intent. In addition, various witnesses testified that the defendant was not intoxicated before, during, or after the incident. Accordingly, the Trial Judge, as the finder of fact, properly determined that this testimony negated the defendant's intoxication defense (*see, People v Dorst,* 194 AD2d 622). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt of the crime of attempted murder in the second degree, as well as for the crimes of burglary in the first degree, criminal possession of a weapon in the third degree, aggravated harassment in the second degree, and endangering the welfare of a child, were not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was excessive to the extent indicated herein.

In light of the verdict acquitting the defendant of attempted assault in the first degree, the defendant's contention regarding that charge is academic. S. Miller, J. P., Friedmann, Krausman and Florio, JJ., concur.