■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK T. THOMSON, Appellant. [786 NYS2d 262]—

Carpinello, J. Appeals (1) from a judgment of the Supreme Court (Teresi, J.), rendered October 3, 2002 in Albany County, convicting defendant following a nonjury trial of the crimes of attempted murder in the first degree, attempted assault in the first degree (four counts) and reckless endangerment in the first degree, and (2) from a judgment of said court, rendered November 14, 2002 in Albany County, which resentenced defendant following his conviction of the crimes of attempted assault in the first degree (four counts).

After a prior successful appeal to this Court (279 AD2d 644 [2001]) and a nonjury trial, defendant was convicted of attempted murder in the first degree, four counts of attempted assault in the first degree and reckless endangerment in the first degree. The charges stem from defendant's theft of a delivery truck in Saratoga County and an ensuing police chase throughout Saratoga and Albany Counties. Before being apprehended, defendant, among other conduct, drove the truck into an unmarked police vehicle operated by Albany Police Detective Peter McKenna. This particular conduct formed the basis of a charge of attempted murder in the first degree (see Penal Law §§ 110.00, 125.27 [1] [a] [i]) and one of the charges of attempted assault in the first degree (see Penal Law §§ 110.00, 120.10 [1]). Sentenced to concurrent prison terms on all counts, defendant now appeals.

Defendant argues that his conviction for attempted murder should be vacated as "duplicitous." A duplicitous count is one that impermissibly charges more than one crime (see CPL 200.30; see also People v First Meridian Planning Corp., 86 NY2d 608, 616 [1995]). Here, this count is not invalid for duplicity as it clearly charges but one offense. To the extent that defendant is actually taking issue with the fact that he was charged and convicted of both attempted murder and attempted assault for the same conduct, we still find no error.

A person is guilty of murder in the first degree under Penal Law § 125.27 (1) (a) (i) when "[w]ith intent to cause the death of another person, he causes the death of such person . . . and . . . the intended victim was a police officer . . . performing his official duties."[1] A person is guilty of assault in the first degree under Penal Law § 120.10 (1) when "[w]ith intent to cause serious physical injury to another person, he causes such injury to

---

1. Notably, defendant challenged this particular count by arguing that he could not have recognized McKenna's vehicle to be a police vehicle since it was unmarked (cf. People v Rodriguez, 63 AD2d 919 [1978]).

such person . . . by means of a deadly weapon or a dangerous instrument." Thus, it is theoretically possible to commit attempted murder in the first degree without also committing attempted assault in the first degree (*see e.g. People v Chapman*, 97 AD2d 381 [1983]; *see generally People v Grant*, 96 AD2d 867 [1983]).[2]

In other words, these two charges were noninclusory concurrent counts (*see* CPL 300.30 [4]) and it was within Supreme Court's discretion to consider both in rendering its verdict (*see* CPL 300.40 [3] [a]; *see also People v Brown*, 67 NY2d 555 [1986], *cert denied* 479 US 1093 [1987]). Thus, a conviction on each count was legally permissible (*see People v Lebron*, 305 AD2d 799 [2003], *lv denied* 100 NY2d 583 [2003]; *People v Davis*, 165 AD2d 610 [1991], *lv denied* 78 NY2d 1010 [1991]; *People v Grant, supra*), although any sentence imposed thereon had to be concurrent (*see* CPL 300.30 [3]; Penal Law § 70.25 [2]), as was the case here. We are also unpersuaded by defendant's contention that *People v Rodriguez* (63 AD2d 919 [1978]), which involved the submission of a lesser included offense to a jury, mandates reversal of the attempted murder conviction or a new trial.

We likewise reject defendant's claim that the People failed to prove each of the "attempt" crimes because the evidence at trial established that he was under the influence of alcohol and/or drugs at the time of the incident. While a defendant's intoxication can negate the element of intent to commit a crime, Supreme Court, as the trier of fact, obviously rejected as insufficient defendant's proof on this issue (*see People v Moradel*, 278 AD2d 250 [2000], *lv denied* 99 NY2d 538 [2002]; *People v Taylor*, 245 AD2d 399 [1997], *lv denied* 91 NY2d 930 [1998]; *People v Dorst*, 194 AD2d 622 [1993], *lv denied* 82 NY2d 924 [1994]). Viewing the evidence at trial in the light most favorable to the People (*see People v Bleakley*, 69 NY2d 490, 495 [1987]), we find that it was legally sufficient to establish the element of intent, despite some evidence that defendant was intoxicated (*see People v Taylor, supra*; *People v Angel*, 185 AD2d 356 [1992], *lv denied* 80 NY2d 1025 [1992]). Likewise, upon the exercise of our factual review power, we are satisfied that the verdict on each count was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Bleakley, supra*).

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgments are affirmed.

---

**2.** Said differently, the counts were not multiplicitous in that each count required proof of an additional fact that the other did not (*see e.g. People v Kindlon*, 217 AD2d 793 [1995], *lv denied* 86 NY2d 844 [1995]; *People v Senisi*, 196 AD2d 376 [1994]).