■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELIUS DRAKE, Appellant. [831 NYS2d 292]—

Carpinello, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered August 29, 2005, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

On December 15, 2004, a seven-count indictment was handed up against defendant charging him with numerous drug-related offenses. The first two counts stem from his involvement in the sale of cocaine to a confidential informant on August 7, 2003 while inside a vehicle that his girlfriend was driving. The following day, a search warrant was executed on this vehicle at which time defendant was found to be in possession of a substantial amount of cash and his girlfriend was found to be in possession of a substantial amount of cocaine. At this time, defendant's girlfriend provided police with a particular Broome County address as her residence and consented to a search of it where additional quantities of cash, cocaine and drug paraphernalia were discovered. This residence had recently been leased by defendant. The remaining five counts of the indictment stem from defendant's involvement in the possession and sale of these particular drugs and drug paraphernalia.

The December 2004 indictment was the third indictment handed up against defendant. The first indictment, which only

contained offenses pertaining to the August 8, 2003 seizure of drugs and drug paraphernalia, was dismissed for legally insufficient evidence before the grand jury, as well as inadequate jury instructions. Approximately one week later, the People were granted permission to resubmit the case, which resulted in a second indictment. The second indictment again only contained charges pertaining to the August 8, 2003 seizure of drugs and drug paraphernalia. This indictment was thereafter superceded by the December 2004 indictment, which, as noted, contained the two additional charges pertaining to the August 7, 2003 sale of cocaine to the confidential informant.

Following various unsuccessful pretrial motions (including a motion to suppress the evidence seized from the subject residence, a motion for release from custody and motions to dismiss the second and third indictments based on speedy trial violations), defendant agreed to plead guilty to one count of criminal sale of a controlled substance in the third degree in satisfaction of the third indictment, as well as another indictment charging him with tampering with a witness, in exchange for a 10-year sentence and three years of postrelease supervision. In pleading guilty, defendant allocuted to the August 7, 2003 sale of cocaine to the confidential informant. Following an unsuccessful motion to withdraw this plea, he was sentenced in accordance with the agreement and now appeals. We affirm.

Defendant claims that his constitutional right to a speedy trial was violated with respect to those charges in the third indictment pertaining to the August 7, 2003 sale of cocaine to the confidential informant. In weighing the factors relevant to such a determination (*see People v Taranovich*, 37 NY2d 442, 445 [1975]), we find the motion to dismiss was properly denied. According to the People, in an effort to protect the confidential informant, they chose not to submit the subject charges to the grand jury. Upon learning in early December 2004 that defendant knew of this person's identity—indeed, he had made a threat against her—and upon confirming her willingness to testify, they indicted on the sale, which was well within the statute of limitations (*see People v Cintron*, 7 AD3d 827, 828 [2004]). Notably, County Court credited this explanation and found it to be legitimate under the circumstances (*see People v Kirkley*, 295 AD2d 759, 760 [2002], *lv denied* 98 NY2d 711 [2002]; *cf. People v Townsend*, 270 AD2d 720, 721 [2000]). Upon our review of the record, we agree that good cause has been demonstrated by the People (*see People v Morris*, 25 AD3d 915, 916 [2006], *lv denied* 6 NY3d 851 [2006]).

To this end, we note that "[i]n ascertaining the reasonable-

ness of a delay in a particular case, we consider not only the length and professed explanation for the delay, but also the nature of the underlying charge, the duration of the defendant's related incarceration and any impairment to the defense resulting from the delay" (*id.* at 916). Here, the subject charges were indeed serious (*see id.*; *People v Hawkins*, 290 AD2d 320, 321 [2002]), defendant's incarceration was not in any way attributable to these charges (*see e.g. People v Williams*, 16 AD3d 980, 981 [2005], *lv denied* 5 NY3d 771 [2005]; *People v Cintron, supra*; *People v Hawkins, supra*) and County Court was unconvinced that there had been significant prejudice to the defense case as a result of the delay. We find no basis upon which to quarrel with this latter assessment. In short, upon a careful balancing of all relevant factors, we are unable to conclude that County Court erred in finding that defendant's right to a speedy trial was not violated (*see e.g. People v Faulkner*, 36 AD3d 1009, 1010 [2007]; *People v Morris, supra* at 917; *People v Alger*, 23 AD3d 706, 706-707 [2005], *lv denied* 6 NY3d 845 [2006]; *People v Cintron, supra*; *People v Johnson*, 226 AD2d 806, 807-808 [1996], *lv denied* 88 NY2d 937 [1996]).

We are also unpersuaded by defendant's claim that the motion to suppress evidence seized from his residence should have been granted because his girlfriend was coerced into signing a consent form for the search and because she did not have actual or apparent authority to so consent. Evidence adduced at the suppression hearing, and specifically credited by County Court, established that defendant's girlfriend willingly and voluntarily signed the consent form—i.e., her execution of it was free of coercive police conduct (*see People v Gonzalez*, 39 NY2d 122, 128 [1976])—and that the circumstances reasonably indicated that she had the authority to so consent (*see People v Adams*, 53 NY2d 1, 8 [1981], *cert denied* 454 US 854 [1981]). Although defendant's girlfriend gave conflicting testimony on this issue, we find County Court's credibility determination to be supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]).

Next, by pleading guilty, defendant forfeited the right to appeal certain issues, namely, that the failure to release him from custody following dismissal of the first indictment requires dismissal of the subsequent indictments, that his statutory right to a speedy trial was violated and that the second indictment should have been dismissed for legally insufficient evidence (*see e.g. People v Hansen*, 95 NY2d 227, 230-233 [2000]; *People v Taylor*, 65 NY2d 1, 5-6 [1985]). To be sure, these rights were forfeited notwithstanding the misstatement made by County

Court that defendant would have the right to appeal "any" issue that had been decided prior to the plea (*see People v Di Donato*, 87 NY2d 992 [1996]; *People v O'Brien*, 56 NY2d 1009, 1010 [1982]; *People v Attanasio*, 240 AD2d 877 [1997]). In any event, were we to review each of these contentions, we would find that none has merit.

Defendant's remaining contentions, including the claims that County Court erred in denying his motion to withdraw his guilty plea and that the agreed-upon sentence of 10 years in prison is harsh and excessive, have been reviewed and found to be without merit.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.