■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GARCIA, Appellant. [846 NYS2d 350]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered December 3, 2003, convicting him of murder in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant's argument that the evidence was legally insufficient to prove that he intended to cause the death of the victim was preserved for appellate review because he raised this issue with sufficient

specificity in his motion pursuant to CPL 290.10 for a trial order of dismissal at the close of the People's case (*see* CPL 470.05 [2]; *People v Mendez*, 34 AD3d 697 [2006]; *People v Soto*, 8 AD3d 683, 684 [2004]; *cf. People v Gray*, 86 NY2d 10 [1995]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), it was legally sufficient to establish the defendant's guilt of murder in the first degree beyond a reasonable doubt (*see* Penal Law § 125.27 [1] [a] [vii]). There was sufficient evidence from which a rational trier of fact could have found that the defendant, with the intent to kill, shot the victim repeatedly at close range, inflicting wounds which caused his death, during the course of, and in furtherance of, a robbery (*see People v Cicchetti*, 44 NY2d 803, 804-805 [1978]; *People v Bracey*, 41 NY2d 296, 300-302 [1977]; *People v Parker*, 5 AD3d 507, 508 [2004]; *People v Moradel*, 278 AD2d 250, 251 [2000]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Schmidt, J.P., Rivera, Santucci and Balkin, JJ., concur.