■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR LABOY-VEGA, Appellant. [911 NYS2d 270]—

Spain, J. Appeal from a judgment of the County Court of Broome County (Cawley, J.), rendered June 30, 2009, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

In September 2005, a group that included defendant approached the victim, who owed one of them money. Defendant stabbed the victim in the ensuing confrontation, and his property was taken. Defendant was indicted in October 2007 and, after unsuccessfully moving to dismiss the indictment on speedy trial grounds, he pleaded guilty to one count of robbery in the first degree. County Court sentenced defendant, as agreed, to a prison term of 7½ years to be followed by postrelease supervision of five years. Upon defendant's appeal, we affirm.

Defendant's argument that he was deprived of his constitutional right to a speedy trial survives his guilty plea (*see People v McCorkle*, 67 AD3d 1249, 1250 [2009]); upon review, we reject it. In assessing whether defendant was deprived of that right, a fact-specific balancing of several factors must be performed, including: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charges; (4) any extended period of pretrial incarceration; and (5) any impairment of de-

fendant's defense" (*People v Romeo*, 12 NY3d 51, 55 [2009], *cert denied* 558 US —, 130 S Ct 63 [2009]; *see People v Taranovich*, 37 NY2d 442, 445 [1975]; *People v McCorkle*, 67 AD3d at 1250). Here, two of the individuals involved were indicted in 2006, but defendant had not yet been identified as one of the perpetrators. Information eventually came to light suggesting that defendant had committed the stabbing, and he was identified by the victim in February 2007. Prosecutors then obtained an indictment eight months later, that delay being due in part to difficulties in locating the victim to secure his grand jury testimony. The record fully supports County Court's conclusion that the delay was largely due to an ongoing investigation and difficulties in obtaining sufficient evidence to support an indictment that were beyond the prosecution's control. Moreover, the crimes charged are serious violent felonies, defendant was not detained as a result of the September 2005 incident prior to his indictment, and he fails to show any prejudice arising from the delay. According deference to County Court's credibility determinations (*see People v Jackson*, 67 AD3d 1252, 1253 [2009]), we agree with the conclusion in its thorough written decision that defendant's constitutional right to a speedy trial was not violated (*see People v Drake*, 38 AD3d 1009, 1010-1011 [2007], *lv denied* 8 NY3d 984 [2007]; *People v Faulkner*, 36 AD3d 1009, 1010 [2007], *lv denied* 8 NY3d 944 [2007]).

We further reject defendant's claim that his sentence is harsh and excessive. County Court imposed an agreed-upon sentence that was on the lower end of the permissible range, and our review of the record reveals no abuse of discretion nor extraordinary circumstances that would warrant a reduction thereof (*see People v Easton*, 309 AD2d 1083, 1083-1084 [2003], *lv denied* 1 NY3d 597 [2004]).

Cardona, P.J., Peters, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.