Rose, J.
Appeal from a judgment of the County Court of Otsego County (Burns, J.), rendered November 19, 2010, upon a verdict convicting defendant of the crime of driving while intoxicated (two counts).
When this case was previously before us, all of defendant’s arguments for reversal or modification of his driving while intoxicated convictions were rejected, with the exception of his contentions that his constitutional and statutory rights to a speedy trial were violated (People v Sydlar, 106 AD3d 1368 [2013], lv dismissed 21 NY3d 1046 [2013]). Although we found that the majority of the time following commencement of the action was excludable (see CPL 30.30 [1] [b]; [4]), we concluded that a hearing was necessary to establish whether the postreadiness delays between July 17, 2009 and November 19, 2009 were chargeable to the People, and we withheld decision on the merits of defendant’s constitutional speedy trial claim. Accordingly, we remitted the matter to County Court to further develop the record. Upon remittal, County Court conducted a hearing and, crediting the testimony of the People’s witnesses, attributed the entire period of delay to defendant. After reviewing the record from that hearing, we conclude that defendant was not deprived of his constitutional or statutory rights to a speedy trial.
The People’s documentary and testimonial evidence established that, on July 16, 2009, Town Court adjourned the matter until September 24, 2009 in order for the People to respond, and for defendant to reply, to defendant’s pretrial motions. Then, on September 24, 2009, defendant indicated that he intended to file additional pretrial motions and requested *1315 November 19, 2009 as the return date for those motions. Town Court approved the request and further determined that the previous motions would also be returnable on that date. According deference to County Court’s credibility determinations (see People v Laboy-Vega, 78 AD3d 1422, 1423 [2010], lv denied 16 NY3d 832 [2011]), we agree with County Court that the period from July 17, 2009 through November 19, 2009 was not chargeable to the People (see CPL 30.30 [4] [a]) and, therefore, defendant’s argument that his statutory right to a speedy trial was violated is unavailing (see People v Nash, 64 AD3d 878, 880 [2009]; People v Ramos, 48 AD3d 984, 986-987 [2008], lv denied 10 NY3d 938 [2008], cert denied 556 US 1110 [2009]). Furthermore, noting, among other things, that the delay was due to defendant’s pretrial motions and that he was not incarcerated during this time, we find that defendant’s constitutional right to a speedy trial was not abridged (see People v Taranovich, 37 NY2d 442, 445 [1975]; People v Anderson, 114 AD3d 1083, 1084 [2014]; People v Mercer, 105 AD3d 1091, 1093 [2013], lv denied 21 NY3d 1017 [2013]).
To the extent that defendant now asserts that his counsel for this hearing was ineffective and he was deprived of due process, his arguments in this respect are based on information outside the record and, therefore, should be raised in a motion pursuant to CPL 440.10 (see People v Varmette, 70 AD3d 1167, 1172 [2010], lv denied 14 NY3d 845 [2010]; People v Echavarria, 53 AD3d 859, 863-864 [2008], lv denied 11 NY3d 832 [2008]). Finally, the remaining arguments in defendant’s pro se brief are not properly before us, as they were addressed in our previous decision (cf. People v Warner, 110 AD3d 1339, 1341 [2013], lv denied 22 NY3d 1091 [2014]).
Lahtinen, J.P, Garry and Egan Jr., JJ., concur.
Ordered that the judgment is affirmed.