People v Christian (2020 NY Slip Op 01634)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Christian

2020 NY Slip Op 01634

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-07024
(Ind. No. 1835-14)

[*1]The People of the State of New York, respondent,
vAntonio Christian, appellant.

Salvatore C. Adamo, New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Alfred J. Croce of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark D. Cohen, J.), rendered June 1, 2016, convicting him of murder in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of murder in the first degree, after a jury trial, in connection with the death of the maternal grandmother of one of his children. The victim's daughter was also arrested. The defendant was charged with killing the victim, with the aid of the victim's daughter, and hiding the victim's body, wrapped in a blanket, behind a dumpster. The cause of death was blunt trauma to the head with fractures of the skull and brain injuries.
At trial, the victim's daughter testified against the defendant on behalf of the People pursuant to a cooperation agreement. She testified that the defendant engaged in an altercation with the victim inside the victim's home, during which the defendant broke the victim's jaw, stabbed the victim in her right side, took her debit card, and forced the victim to provide her personal identification number. At the defendant's direction, the victim's daughter drove to an ATM and withdrew money from the victim's account. According to the daughter, when she returned, the victim requested to go to the hospital and promised not to report the incident. The defendant refused. The victim's daughter further testified that, thereafter, when she was outside the room, she heard a thud and came into the room to see the victim lying on the floor and the defendant standing over her, striking her repeatedly on the back of the head with a hammer.
The defendant's contention that the People's Molineux application (see People v Molineux, 168 NY 264) should not have been granted is without merit. The People sought to elicit testimony that, on the day at issue, the defendant violated an order of protection which directed that he stay away from his infant son who resided in the victim's home; they also sought to elicit that the defendant initially gave the police a false name when he was arrested. Contrary to the defendant's contention, the evidence about the defendant's violation of the order of protection was properly admitted as relevant background material to enable the jury to understand the defendant's motive and intent in the commission of the charged crime (see People v Laverpool, 52 AD3d 622, 622; People v Palladino, 47 AD3d 491). The evidence that the defendant gave a false name helped explain why, after the defendant could produce no identification, the police asked him to accompany them to the [*2]precinct, where he thereafter gave his correct name and voluntarily provided a buccal swab. Moreover, the court's limiting instruction to the jury ensured that the probative value of the evidence outweighed any prejudice to the defendant (see People v Rock, 65 AD3d 558, 558-559; People v Laverpool, 52 AD3d at 622-623).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), it was legally sufficient to establish the defendant's guilt of murder in the first degree (Penal Law § 125.27[1][a][vii]) beyond a reasonable doubt. There was sufficient evidence from which a rational trier of fact could have found that the defendant, with the intent to kill, struck the victim repeatedly with a hammer, inflicting wounds which caused her death, during the course of, and in furtherance of, a robbery (see People v Garcia, 45 AD3d 859, 860). Contrary to the defendant's contention, the testimony of the victim's daughter was not incredible as a matter of law (see People v Ratliff, 165 AD3d 845, 845; People v Alfonso, 142 AD3d 1180, 1182). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The failure of the victim's daughter to comply with an initial cooperation agreement and her alleged motivation to lie in order to avoid a substantial prison sentence were matters fully explored at trial and raised an issue of credibility which the jury resolved in favor of the prosecution, which resolution was not against the weight of the evidence (see People v Mazyck, 118 AD3d 728, 729).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
AUSTIN, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court