People v Grimshaw (2022 NY Slip Op 04673)

People v Grimshaw

2022 NY Slip Op 04673

Decided on July 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 21, 2022

112453
[*1]The People of the State of New York, Respondent,
v
Ryan J. Grimshaw, Appellant.

Calendar Date:June 17, 2022

Before:Garry, P.J., Egan Jr., Lynch, Clark and Aarons, JJ.

Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Michael Abbruzzese of counsel), for respondent.

Appeal from a judgment of the County Court of St. Lawrence County (Richey, J.), rendered June 22, 2020, convicting defendant upon his plea of guilty of the crime of unlawful manufacturing of methamphetamine in the second degree.
Defendant pleaded guilty to a superior court information charging him with unlawful manufacturing of methamphetamine in the second degree and agreed to waive his right to appeal. After defendant's application to participate in the judicial diversion program was denied, County Court, consistent with the terms of the plea agreement, sentenced defendant, as a second felony drug offender, to a prison term of six years followed by three years of postrelease supervision, to run consecutively to any time remaining on a previously-imposed sentence. Defendant appeals.
Defendant's contention that the waiver of his right to appeal is invalid is without merit. The record reflects that County Court informed defendant that his right to appeal was separate and distinct from the rights automatically forfeited by his guilty plea and that certain enumerated rights were not being waived, which defendant acknowledged he understood. Defendant also executed a detailed written appeal waiver that specifically identified various appellate rights that were being waived and those that defendant retained. Defendant confirmed that he had read and discussed with counsel the written waiver, understood it, had no questions and was voluntarily waiving his right to appeal. In view of the foregoing, we find that the record reflects that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Champion-Barse, 201 AD3d 1255, 1255 [2022]; People v Quinones, 160 AD3d 1304, 1305 [2018], lv denied 31 NY3d 1152 [2018]). As such, defendant's challenge to the sentence as harsh and excessive is foreclosed by the valid appeal waiver (see People v Rollins, 203 AD3d 1386, 1387 [2022]; People v Nack, 200 AD3d 1197, 1199 [2021], lv denied 38 AD3d 1009 [2022]).
Garry, P.J., Egan Jr., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.